IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD A. BAQUI, II, dba HAAHEO CONSTRUCTION,, | ) ) | CIVIL NO. 10-00774 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE BURLINGTON INSURANCE COMPANY,, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT
IN OPPOSITION TO DEFENDANT BURLINGTON INSURANCE
COMPANY'S NOTICE OF REMOVAL FILED ON DECEMBER 30, 2010**

Before the Court is Plaintiff Richard A. Baqui, II,
doing business as Haaheo Construction's ("Plaintiff"), Motion to
Remand to State Court in Opposition to Defendant Burlington
Insurance Company's Notice of Removal Filed on December 30, 2010
("Motion"),[1] filed on January 14, 2011. Defendant Burlington
Insurance Company ("Defendant") filed its memorandum in
opposition to the Motion on February 3, 2011, and Plaintiff filed
its reply on February 10, 2011. This matter came on for hearing
on February 24, 2011. Charlene Murata, Esq., appeared on behalf
of Plaintiff. Ralph O'Neill, Esq., and Cathy Gee Kong, Esq.,
appeared on behalf of Defendant. After careful consideration of

---

[1] The title of Plaintiff's document is "Memorandum in
Opposition to Defendant Burlington Insurance Company's Notice of
Removal Filed on December 30, 2010", but the Clerk's Office has
properly docketed it as a motion for remand.

the Motion, supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY GRANTS Plaintiff's Motion.

## BACKGROUND

On January 11, 2010, Plaintiff filed a Complaint against the Association of Apartment Owners of Ihona ("AOAO Ihona") in the Circuit Court of the First Circuit, State of Hawai`i ("First Circuit Court").[2] Plaintiff filed a Third-Party Complaint on May 21, 2010, which Defendant removed to this district court on December 30, 2010.

## I. Factual History

On August 4, 2009, licensed general contractor Daniel Kang of DGK Construction ("DGK Construction") entered into a contract with Alzona Chang, President of AOAO Ihona, and Steel Devlin, Vice-President of AOAO Ihona, to oversee re-roofing work on twelve Ihona buildings. [Complaint at ¶¶ 4, 10-11.] DGK Construction hired Roger Pacariem of Roger's Roofing, now known as Roger's Roofing, LLC ("Roger's Roofing"), a licensed contractor with a specialty license for roofing, to perform the re-roofing work. [Id. at ¶ 13.]

On October 9, 2009, DGK Construction gave AOAO Ihona a "Notice of Contract Release" informing it that DGK Construction was releasing itself from all contract obligations and

---

[2] The Complaint is attached to Defendant's Memorandum in Opposition as Exhibit A to the Declaration of Ralph O'Neill. [Dkt. no. 17-2].

transferring the remainder of its contract to Plaintiff.  That same day, Alzona Chang and Steel Devlin signed an "Acceptance of Contract Release" on behalf of AOAO Ihona and accepted the terms of DGK Construction's release.  [Id. at ¶¶ 17-18.]

Following the release, Roger's Roofing continued working on the seven remaining Ihona buildings.  Roger's Roofing and Plaintiff completed the project on November 10, 2009.  On November 16, 2009, Plaintiff delivered his final invoice to AOAO Ihona and requested payment for the completed work.  On November 18, 2009, AOAO Ihona's agent notified Plaintiff that AOAO Ihona was refusing to pay.  On November 23, 2009, Plaintiff made another written demand on AOAO Ihona for payment.  AOAO Ihona made no further payments.  [Id. at ¶¶ 26-34.]

## II.  Procedural History

On January 11, 2010, Plaintiff filed his Complaint against AOAO Ihona for its failure to pay for the re-roofing work.  On February 22, 2010, AOAO Ihona filed an answer and a counterclaim ("Counterclaim").[3]  The Counterclaim alleged that Plaintiff's re-roofing work was defective and requested compensatory damages.  [Counterclaim at ¶¶ 39-43.]

On May 21, 2010, Plaintiff filed an answer to the Counterclaim and its Third-Party Complaint against DGK

---

[3] The Counterclaim is attached to Defendant's Memorandum in Opposition as Exhibit B to the Declaration of Ralph O'Neill. [Dkt. no. 17-3].

Construction, Roger's Roofing, and Defendant.  In the Third Party

Complaint, Plaintiff claimed that Defendant issued a general

liability insurance policy, or policies, to Roger's Roofing for

the relevant time periods which covered, indemnified, or

otherwise protected Plaintiff as an additional insured under the

policy's "insured contract" provisions.  [Third-Party Complaint

at ¶¶ 6-7.]  Plaintiff requested, *inter alia*, that Defendant "be

ordered to defend [Plaintiff] pursuant to its additional insured

endorsement and obligations there under [sic] and/or pursuant to

the 'insured contract' provisions of its policy."  [Id. at 4, ¶

1.]

On October 13, 2010, Defendant filed a motion to

dismiss the Third-Party Complaint or, in the alternative, sever

claims against it.  [Motion at 3.]  On December 16, 2010, Judge

Karl K. Sakamoto of the First Circuit Court filed a Stipulation

and Order Severing Claims[4] ("Severing Order") stating that, "[a]s

Haaheo and Burlington stipulate and agree to the severance of the

Third-Party Complaint brought by Haaheo against Burlington, the

severance of claims by Haaheo against Burlington is hereby

ordered."  [Severing Order at 2.]  The Severing Order, which is

signed by both parties, further provides that, "[b]ased on the

stipulation and agreement of Haaheo and Burlington, the severed

---

[4] The Severing Order is attached to Plaintiff's Motion as
Exhibit A to the Declaration of Roy F. Hughes.  [Dkt. no. 8-2].

4

claims shall be retained by the Honorable Karl K. Sakamoto."
[Id. at 3.]

On December 30, 2010, Defendant filed its Notice of
Removal on the basis of diversity jurisdiction. [Notice of
Removal at ¶ 11 (citing 28 U.S.C. § 1332).] Defendant asserted
that, pursuant to 28 U.S.C. § 1441(a), the district court has
original jurisdiction over this civil action under § 1332 because
complete diversity of citizenship exists between Plaintiff and
Defendant, and the amount in controversy exceeds $75,000,
exclusive of interest and costs.[5] [Id.] Defendant claimed that
venue is proper because a substantial part of the events giving
rise to the claim occurred in this district. [Id. at ¶ 8.]
Defendant also asserted that it timely filed the Notice of
Removal under 28 U.S.C. § 1446(b). [Id. at ¶ 5.] Finally,
Defendant noted that the state court action is not removable in
its entirety because of a lack of complete diversity. [Id. at ¶
2.]

In his Motion, Plaintiff requests that the Court remand
the case to the First Circuit Court to be heard in front of Judge
Sakamoto or, alternatively, stay the proceedings pending

_____

[5] Defendant explains that it "is a corporation formed and
existing under the laws of the State of North Carolina, with its
principal place of business in the [S]tate of North Carolina, and
is a citizen of North Carolina[,]" [Notice of Removal at ¶ 6,]
and that Plaintiff "is a resident of the City and County of
Honolulu, State of Hawaii and is licensed as a general contractor
by and pursuant to the laws of the State of Hawaii" [id. at ¶ 7].

resolution of the underlying action.  [Motion at 12-13.]

Plaintiff argues that the factors enunciated in <u>Brillhart v.</u>

<u>Excess Insurance Co. of America</u>, 316 U.S. 491 (1942), as well as

the abstention doctrine articulated in <u>Younger v. Harris</u>, 401

U.S. 37 (1971), require the Court to refrain from exercising

jurisdiction in this case.

    In its Memorandum in Opposition, Defendant argues that:

(1) it did not waive the right of removal; (2) the <u>Brillhart</u>

factors counsel in favor of exercising jurisdiction; and (3) the

<u>Younger</u> abstention doctrine is inapplicable.  Defendant also

contends that the factors in <u>Government Employees Insurance Co.</u>

<u>v. Dizol</u>, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998), support the

exercise of federal jurisdiction in the instant case.

    In his reply, Plaintiff reiterates his earlier

arguments that the <u>Brillhart</u> factors favor remand and the <u>Younger</u>

abstention doctrine applies.  Plaintiff also argues that

Defendant clearly and unambiguously waived its right of removal.

## **DISCUSSION**

    Under 28 U.S.C. § 1447(c), a party may bring a motion

to remand to challenge removal of an action from state court to

federal court.  Defendant removed the instant case based on 28

U.S.C. § 1441(a).  [Notice of Removal at ¶ 11.]  Section 1441(a)

provides, in pertinent part:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State

> court of which the district courts of the United
> States have original jurisdiction, may be removed
> by the defendant or the defendants, to the
> district court of the United States for the
> district and division embracing the place where
> such action is pending.

Section 1441, however, is "strictly construed against removal

jurisdiction." Provincial Gov't of Marinduque v. Placer Dome,

Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).

The removing party bears the burden of proving, by a

preponderance of the evidence, that removal is proper.

Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,

599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing Gaus v. Miles,

Inc., 980 F.2d 564, 567 (9th Cir. 1992)).  Courts resolve any

doubts about removal in favor of remanding the case to state

court.  Id. at 1107 (citing Gaus, 980 F.2d at 566).

     The right to remove a case from state court to federal

court is a waivable right.  In the instant case, the threshold

issue before the Court is whether the language in the Severing

Order constitutes a waiver of the right of removal.  The Severing

Order provides, in relevant part:

> 5.  Haaheo and Burlington further agree the
> severed claims shall remain with the Honorable
> Karl K. Sakamoto in the interests of judicial
> economy and efficiency.
> 6.  Based on the stipulation and agreement of
> Haaheo and Burlington, the severed claims shall be
> retained by the Honorable Karl K. Sakamoto.
> 7.  Nothing in this Stipulation and Order may
> be construed to detract from, constitute a waiver
> of or serve to estop any party from asserting any
> state or federal statutory rights that may

7

otherwise be available to such party.
[Severing Order at 2-3.]

Plaintiff argues that the language in the Severing
Order amounts to a waiver of the right of removal. [Reply at 7
("The actual language in the order clearly and unambiguously
states that no other judge, in state or federal court, will
preside over this case except for Judge Sakamoto.").] Plaintiff
construes paragraph five as "a stipulation and agreement" between
Defendant and Plaintiff and paragraph six as "an order by the
court." [Id. at 6.] According to Plaintiff, the word "shall",
which appears in both paragraphs five and six, "leaves no room
for discussion and the order must be followed." [Id. at 7.]
Finally, Plaintiff claims that paragraph seven's "otherwise"
language is "an indication that the parties were aware that the
stipulation means they are giving up a right – a right to have
their case heard somewhere else, including federal court." [Id.]

Defendant contends that the Severing Order did not
waive Defendant's right of removal. [Mem. in Opp. at 18-20.]
Defendant acknowledges that "the parties agreed that the severed
claims would remain with or be retained by the Honorable Karl K.
Sakamoto[,]" but Defendant contends that this was only to prevent
assignment of the severed claims to another judge within the
First Circuit Court. [Id. at 20.] Defendant argues that this
agreement was not a clear and unequivocal waiver of its right of

removal. Defendant contends that the parties' failure to "provide that the claims would 'irrevocably' remain with Judge Sakamoto" or include language stating "that all parties waive their right of removal to federal court" proves that Defendant did not agree to waive this right. [Id.]

A party may waive its right of removal by taking actions after a case becomes removable that manifest an intent to adjudicate the matter in the state forum and abandon its right to a federal forum. EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 649 (9th Cir. 2003) (citing Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994)); accord Paoa v. Marati, Civ. No. 07-00370 JMS-LEK, 2007 WL 2694414, at *6 (D. Hawai`i Sept. 11, 2007) (quoting EIE Guam, 322 F.3d at 649 (some citations omitted)).[6] In such cases, the "waiver of the right of removal must be clear and unequivocal." EIE Guam, 322 F.3d at 649 (citation and internal quotation marks omitted).

The parties' insistence that the "clear and unequivocal" standard applies to the disputed waiver provision is mistaken. [Mem. in Opp. at 19 (citations omitted); Reply at 7.] Courts are to evaluate the intent of a party under the "clear and

_____

[6] The citation refers to the magistrate judge's findings and recommendation regarding the defendant's motion for attorneys' fees. The district judge adopted the findings and recommendation as his opinion and order. 2007 WL 2917240, at *1 (D. Hawai`i Oct. 2, 2007).

unequivocal" standard only where the party undertakes action manifesting an intent to adjudicate the matter in state court "after it is apparent that the case is removable[.]" EIE Guam, 322 F.3d at 649. In the instant case, the "action" at issue – the signing and filing of the Severing Order – did not occur after the case became removable. Rather, the action itself allegedly rendered the claims removable.

A party may also waive the right of removal by agreeing to a forum selection clause. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77-78 (9th Cir. 1987). Forum selection clauses can be either mandatory – thus constituting a waiver – or permissive – identifying one of a number of possible fora. Id. at 77. To be mandatory, the "clause must contain language that clearly designates a forum as the exclusive one." N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995); accord Ohkubo v. Antara Biosciences, Inc., 364 Fed. Appx. 340, 341 (9th Cir. 2010) (citation omitted). Permissive forum selection clauses, on the other hand, do not identify the chosen forum as exclusive and therefore are not construed as a waiver of other fora. N. Cal. Dist. Council of Laborers, 69 F.3d at 1037; see also Hunt Wesson, 817 F.2d at 77. If the language of a forum selection clause requires analysis to interpret its exact meaning, the court examines the wording of the agreement by applying ordinary principles of contract

interpretation.  Hunt Wesson, 817 F.2d at 77-78; accord Holck v. Bank of New York Mellon Corp., CV. No. 10-00550 DAE-KSC, 2011 WL 572517, at *10 (D. Hawai`i Feb. 14, 2011) (citing Talatala v. Nippon Yusen Kaisha Corp., 974 F. Supp. 1321, 1325 (D. Haw. 1997)).

        The waiver at issue in the instant case is most analogous to waiver disputes in cases concerning forum selection clauses.  In the instant case, the Court is presented with a written agreement signed by the parties and approved by Judge Sakamoto stating that the "severed claims shall remain with the Honorable Karl K. Sakamoto in the interests of judicial economy and efficiency." [Severing Order at 2.]  Although parties typically agree to forum selection clauses prior to the commencement of litigation, nothing restricts parties from agreeing to such limitations while litigation is pending.  See, e.g., Cribbins v. Beal Bank, SSB, Civ. Action No. 07-391, 2007 WL 1451666 (W.D. Pa. May 15, 2007) (finding that a stipulation by the parties during the course of litigation constituted a waiver of the right of removal).  The plain language of paragraph five, quoted *supra*, is directed at restricting the venue for litigating the severed claims.  Defendant acknowledges that the parties agreed in the Severing Order that "the severed claims would remain with or be retained by the Honorable Karl K. Sakamoto[,]" but Defendant contends that this agreement was for the limited

purpose of preventing the conversion of the severed claims to a separate proceeding with a new civil number and a new presiding judge in the First Circuit Court. [Mem. in Opp. at 20.] The plain language of the Severing Order, however, does not support this limitation.

Neither party has cited authority applying forum selection clause doctrine to facts analogous to those presented here,[7] nor has the Court found any Ninth Circuit cases that are particularly on point. While acknowledging that the Severing Order does not contain a traditional forum selection clause, the Court FINDS that the disputed waiver language in the Severing Order is suitable for review under the same analytical rubric. See, e.g., Cribbins, 2007 WL 1451666, at *2 (noting that the motion to remand turned on whether the parties' stipulation was a contractual waiver of the right to remove, and that remand can be based on a "forum selection or similar agreement").

The first step of the forum selection clause analysis is to determine whether the disputed provision is "valid and

_____

[7] Defendant cites one forum selection clause case, Hamakua Sugar Co. v. Fiji Sugar Corp., 778 F. Supp. 503 (D. Hawai`i 1991), which concerned foreign states' right of removal under the Foreign Sovereign Immunities Act. [Mem. in Opp. at 19-20.] Defendant uses this case to support its argument that the "clear and unequivocal" standard applies to the interpretation of forum selection clauses in general. [Id.] This is incorrect. The court in Hamakua Sugar explicitly noted that "[i]t is not necessary . . . to rule at this time whether or not there should be a clear statement rule in this jurisdiction." 778 F. Supp. at 505.

enforceable." Hunt Wesson, 817 F.2d at 77 (distinguishing a forum selection clause's "validity and enforceability" from its "effect"); accord Holck, 2011 WL 572517, at *5-11. Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason[.]" M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972); see also Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (citation omitted). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Murphy, 362 F.3d at 1140 (quoting M/S Bremen, 407 U.S. at 12, 92 S. Ct. 1907).

In the instant case, Defendant presents no evidence of a "compelling and countervailing reason" to decline enforcement of the Severing Order's forum restriction. Defendant offers no indication of fraud or overreaching, or that enforcement would be unreasonable and unjust. The Court FINDS that Defendant failed to satisfy its burden and that the forum restriction in the Severing Order is therefore valid and enforceable.

In order to determine the effect of a valid forum selection clause, a court must decide whether the clause is mandatory or permissive. Hunt Wesson, 817 F.2d at 77. In the Ninth Circuit, "[t]he prevailing rule is . . . that where venue is specified with mandatory language the clause will be

13

enforced." <u>Docksider, Ltd. v. Sea Tech., Ltd.</u>, 875 F.2d 762, 764
(9th Cir. 1989) (citation omitted).  Where the parties only
specify jurisdiction, "the clause will generally not be enforced
without some further language indicating the parties' intent to
make jurisdiction exclusive." <u>Id.</u> (citations omitted); <u>see also</u>
<u>N. Cal. Dist. Council of Laborers v. Pittsburg-De Moines Steel</u>
<u>Co.</u>, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a
clause must contain language that clearly designates a forum as
the exclusive one.").

In <u>Hunt Wesson</u>, the forum selection clause stated that
"[t]he courts of California, County of Orange, shall have
jurisdiction over the parties in any action at law relating to
the subject matter or the interpretation of this contract."  817
F.2d at 76.  The Ninth Circuit explained that "[a]lthough the
word 'shall' is a mandatory term," when read in conjunction with
the remainder of the clause, "it mandates nothing more than that
the Orange County courts have jurisdiction."  <u>Id.</u> at 77.

Similarly, in <u>Northern California District Council of</u>
<u>Laborers</u>, the Ninth Circuit held that a forum selection clause
providing that "[a] decision of the Board of Adjustment . . . or
the decision of a permanent arbitrator shall be enforceable by a
petition to confirm an arbitration award filed in the Superior
Court of the City and County of San Francisco, State of
California" was permissive.  69 F.3d at 1036-37 (alterations in

14

original).  The Ninth Circuit concluded that "[t]he language

'shall be enforceable' is no less permissive than the 'shall have

jurisdiction' language in Hunt Wesson."  Id. at 1037.  Thus, the

court held that the forum selection clause, while using mandatory

terms, did not contain language that demonstrated the requisite

exclusivity of the chosen forum and therefore must be construed

as permissive.  Id.

     In contrast to the forum selection clauses at issue in

Hunt Wesson and Northern California District Council of Laborers,

the forum selection clause at issue in Docksider provided that

"Licensee hereby agrees and consents to the jurisdiction of the

courts of the State of Virginia.  Venue of any action brought

hereunder shall be deemed to be in Gloucester County, Virginia."

875 F.2d at 763.  The Ninth Circuit held that this forum

selection clause was mandatory because the latter sentence

demonstrated the parties' intent to "designate[] the state court

in Gloucester County, Virginia, as the exclusive forum."  Id. at

764.

     Several recent Ninth Circuit decisions suggest that a

court should construe forum selection language as mandatory as

long as it requires the parties to use a specific forum.  In

Polimaster Ltd. v. RAE Systems, Inc., for instance, the forum

selection clause provided that "[i]n case of failure to settle

the mentioned disputes by means of negotiations they should be

settled by means of arbitration at the defendant's side[,]" where "side" was understood as meaning "site."[8]  623 F.3d 832, 834 (9th Cir. 2010).  A majority of the Ninth Circuit panel concluded that the language was mandatory, reasoning that "the arbitration agreement required that all requests for affirmative relief, whether styled as claims or counterclaims, be arbitrated at the defendant's site."  <u>Id.</u> at 837.

In <u>Ohkubo v. Antara Biosciences, Inc.</u>, the translated forum selection clause provided that "[t]he Tokyo District Court shall be the court with jurisdiction regarding lawsuits related to this Memorandum."[9]  364 Fed. Appx. 340, 341 (9th Cir. 2010).

---

[8] According to the Ninth Circuit, the parties in <u>Polimaster</u> agreed that "'defendant's side' meant 'defendant's *site*,' that is, the geographical location of the defendant's principle place of business."  623 F.3d at 834 (emphasis in original). Polimaster Ltd., a limited liability company based in Belarus, adjudicated its claims against RAE Systems, Inc., a Delaware corporation with its principal place of business in California, by arbitration in California.  <u>Id.</u>  The same arbitrator also adjudicated RAE Systems, Inc.'s counterclaims against Polimaster Ltd. in California, awarding damages to RAE Systems, Inc. and rejecting Polimaster Ltd.'s claims.  <u>Id.</u> at 835.  RAE Systems, Inc. then sought and received confirmation of the award in the United States District Court for the Northern District of California.  <u>Id.</u>  On appeal, the Ninth Circuit vacated the award, finding that RAE Systems, Inc. violated the forum selection clause by failing to bring its counterclaims against Polimaster Ltd. in Belarus.  <u>Id.</u> at 840, 843-44.

[9] The translated forum selection clause is based on an English translation that Ohkubo attached to its complaint.  Since the translation was deemed a "judicial admission," which Ohkubo never sought to amend, the Ninth Circuit held that the district court was correct in not considering Ohkubo's "later-submitted evidence that articles do not exist in the Japanese language . . .
(continued...)

The Ninth Circuit held that the clause was mandatory because it used "language that clearly designates a forum as the exclusive one." Id. (citation and quotation marks omitted). The Ninth Circuit explained that "[t]he word 'shall' is a mandatory term," and "'the court with jurisdiction' expressly indicates exclusivity in a way that the clause at issue in Hunt Wesson did not." Id. at 342 (citation and some internal quotation marks omitted).

Finally, in Calisher & Associates, Inc. v. RGCM, LLC, the forum selection clause stated that "litigation shall be subject to the laws and Rules of Evidence of the state of California with the venue being Los Angeles County Superior Court[.]" 373 Fed. Appx. 697, 698 (9th Cir. 2010) (quotation marks omitted). The Ninth Circuit held that the clause was mandatory because it "requires that claims arising from the contract be litigated in the Los Angeles County Superior Court." Id. The clause constituted consent to the jurisdiction of the California state courts and to the specific venue of the Los Angeles Superior Court. Id.

In the instant case, paragraph five of the Severing Order provides that "[Plaintiff] and [Defendant] further agree the severed claims shall remain with the Honorable Karl K.

---

[9](...continued)
. ." Ohkubo, 364 Fed. Appx. at 341.

17

Sakamoto in the interests of judicial economy and efficiency."
[Severing Order at 2.]  This text is similar to the forum
selection provision in Docksider, which stated that the relevant
venue "shall be" Gloucester County, Virginia.  875 F.2d at 763.
Paragraph five pairs the word "shall," a mandatory term, with a
specific judge, "the Honorable Karl K. Sakamoto," in a singular
venue.  This language is more specific than the mandatory forum
selection clause in Polimaster, which merely provided that
"disputes . . . should be settled by means of arbitration at the
defendant's side."  623 F.3d at 834.  As a result, the Court
FINDS that paragraph five satisfies the Docksider rule that
"venue [be] specified with mandatory language[.]"  875 F.2d at
764; see also Ohkubo, 364 Fed. Appx. at 341 (pairing "shall be"
with a specific venue, the Tokyo District Court); Calisher &
Assocs., Inc., 373 Fed. Appx. at 698 (pairing "being" with a
particular venue, the Los Angeles County Superior Court).

     In addition to the forum restriction language, the
Severing Order contains an express retention of jurisdiction:
"the severed claims shall be retained by the Honorable Karl K.
Sakamoto."  [Severing Order at 3.]  Although this language alone
may not automatically confer a court with exclusive jurisdiction,
see Flanagan v. Arnaiz, 143 F.3d 540, 545 (9th Cir. 1998) (noting
the importance of context in determining whether an order
retaining jurisdiction should be recognized as exclusive), it

18

lends support to the finding that the paragraph five waiver language is mandatory. The retention of jurisdiction provision is "based on" the parties' earlier stipulations in the Severing Order, namely their agreements to sever the Third-Party Complaint and have those claims "remain with" Judge Sakamoto. [Severing Order at 2.] Moreover, given the Severing Order's preamble, the retention of jurisdiction language appears to operate not only as a court order, but also as a party stipulation. [Id. at 2 (stating that "IT IS HEREBY STIPULATED AND AGREED, by and between [Plaintiff and Defendant], by and through their respective counsel, pursuant to Rule 21, Hawaii Rules of Civil Procedure, as follows . . . .").]

Finally, paragraph seven of the Severing Order provides that "[n]othing in this Stipulation and Order may be construed to detract from, constitute a waiver of or serve to estop any party from asserting any state or federal statutory rights that may otherwise be available to such party." [Id. at 3.] At the hearing, Defendant argued that this paragraph foreclosed Plaintiff's waiver argument.[10] Plaintiff, however, has

---

[10] Defendant also argued at the hearing that it did not intend to waive its right of removal in the Severing Order. In interpreting a contract, the Hawai`i Supreme Court has explained that "courts should not draw inferences from a contract regarding the parties' intent when the contract is definite and unambiguous. . . . The court should look no further than the four corners of the document to determine whether an ambiguity exists." Williams v. Aona, 121 Hawai`i 1, 15, 210 P.3d 501, 515

(continued...)

convincingly argued that the inclusion of the word "otherwise"
indicates that the parties understood that they were forfeiting
at least one right in the Severing Order. [Reply at 7.] Under
Hawai`i law, courts interpreting a contract should, to the extent
possible, give every term of a contract effect. Stanford Carr
Dev. Corp. v. Unity House, Inc., 111 Hawai`i 286, 297-98, 141
P.3d 459, 470-71 (2006) (applying the basic principle that no
"provision be rendered meaningless" in a manner that gave effect
each of the words in a disputed contract clause).  The only right
at issue in the Severing Order is the right of removal.
Accepting Defendant's position would therefore render the word
"otherwise" meaningless.  The Court notes, furthermore, that when
a general provision like paragraph seven conflicts with the
specific provisions of paragraphs five and six, the "specific
controls the general." Kaiser Hawaii Kai Dev. Co. v. Murray, 49
Haw. 214, 227, 412 P.2d 925, 932 (1966) (citations omitted).

        For the reasons above, the Court CONCLUDES that the
forum selection language in the Severing Order constitutes a
mandatory waiver of the right of removal and that removal of the
instant case was improper.  The Court therefore need not reach

---

        [10](...continued)
(2009) (citations omitted).  Having determined that the waiver
language in the Severing Order is both definite and unambiguous,
the Court finds it unnecessary to consider extrinsic evidence,
including a proposed declaration by defense counsel regarding the
parties' intent.

the parties' arguments regarding <u>Brillhart</u>, <u>Dizol</u>, or <u>Younger</u> because the parties have waived their right to litigate the severed claims in a federal venue.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Plaintiff's Motion to Remand to State Court in Opposition to Defendant Burlington Insurance Company's Notice of Removal Filed on December 30, 2010, filed January 14, 2011, is HEREBY GRANTED. This action is HEREBY REMANDED to the Circuit Court of the First Circuit, State of Hawai`i for consideration by Judge Karl K. Sakamoto, pursuant to the Stipulation and Order Severing Claims, filed December 16, 2010.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 31, 2011.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**RICHARD BAQUI, II V. BURLINGTON INS. CO.; CIVIL NO. 10-00774 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT IN OPPOSITION TO DEFENDANT BURLINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL FILED ON DECEMBER 30, 2010**